UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DAVIDA D. FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-378-RLJ-DCP |
| | ) | |
| MEGAN J. BRENNAN, | ) | |
| POSTMASTER GENERAL, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER TO SHOW CAUSE**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

This matter is before the Court sua sponte. On October 13, 2020, counsel for Defendant contacted Chambers to request that the Court schedule a telephone conference with the parties regarding the pro se Plaintiff's failure to make her initial disclosures in this matter. That same date, Chambers emailed the parties providing potential dates for the phone conference and asking the parties to respond with their availability. On October 14, defense counsel responded to the email, but Plaintiff did not. Chambers sent out another email to the parties on the afternoon of October 14.

On October 19, defense counsel emailed chambers regarding a new conflict with one of the dates previously provided. Later that same day, chambers again emailed the parties pointing out that Plaintiff had not responded. That same date, defense counsel advised Chambers that his office would try to call Plaintiff directly. On October 22, defense counsel emailed Chambers and

advised that his office had attempted to call Plaintiff three times on October 20, three times on October 21, and one time on October 22, without reaching Plaintiff.

The Court notes that this is not the first time Plaintiff has failed to cooperate in the prosecution of a case pending in this Court. In a similar case filed by the pro se Plaintiff, the Court dismissed the case without prejudice after Plaintiff's repeated failure to comply with the Local Rules, Federal Rules of Civil Procedure, and Orders of the Court. [Case No. 3:18-cv-202, Doc. 33] In the instant matter, the Court has already entered two Show Cause Orders [Docs. 6, 9] because of Plaintiff's failure to timely serve Defendant.

In addition, the parties failed to meet the Court's July 1, 2020, deadline to conduct the conference required by Rule 26(f) of the Federal Rules of Civil Procedure, with both parties alleging that they attempted to call the other side multiple times, but were unable to reach each other. [Doc. 24] The parties eventually conducted their Rule 26(f) conference, but then had a dispute over whether Plaintiff was entitled to a jury trial. [Doc. 27]

While the Court recognizes that Plaintiff is proceeding pro se, she is still required to abide by the Local Rules, the Federal Rules of Civil Procedure, and the Orders of the Court. Nor can Plaintiff simply ignore efforts by the Court to schedule hearings in this matter. Based on the dismissal of her prior case [Case No. 3:18-cv-202, Doc. 33], Plaintiff is already well aware of the risks of refusing to comply with the rules and cooperate in the prosecution of her case.

Accordingly, the Court **ORDERS** Plaintiff to appear before the undersigned at the Howard H. Baker, Jr., United States Courthouse in Knoxville, Tennessee, in Courtroom 3C, on **November 17, 2020**, **at 10:00 a.m.**, to **SHOW CAUSE** why this case should not be dismissed for her failure to timely produce the required initial disclosures and to otherwise prosecute this case. Plaintiff is

**ADMONISHED** that failure to appear could result in the imposition of sanctions, up to and including the dismissal of this case. Fed. R. Civ. P. 41(b).

The Clerk of the Court is **DIRECTED** to mail a copy of this Order to Plaintiff.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge